OPINION
{¶ 1} Hershell Sean Baker ("Baker") appeals from a judgment of the Domestic Relations Division of the Greene County Court of Common Pleas, which ordered that Baker, a resident of California, have supervised visitation with his children at the Greene County Visitation Center. The appellee, Christina M. Boeckmann ("Boeckman") has not filed a brief.
 {¶ 2} Baker and Boeckmann were married in Alabama in 1993. The parties had two daughters, born October 4, 1993 and July 24, 1995. On April 15, 1998, the Circuit Court for Madison County, Alabama issued a divorce decree terminating Baker and Boeckmann's marriage. Both parties subsequently remarried. On October 26, 1999, the Madison County court modified the parties' divorce decree to allow Boeckmann to move the children to Florida[1] with her new husband and to set up an appropriate visitation schedule. In or around February of 2000, Boeckmann, her new husband, and the children moved to Ohio.
 {¶ 3} In July of 2000, Boeckmann took the children to Alabama to visit Baker. Shortly after they arrived, Baker was involved in a car accident while the younger daughter was a passenger in his car. Baker took his daughter to the hospital and instructed a relative to call Boeckmann. Boeckmann, fearing that drugs had been involved in the incident, took the children back to Ohio, ending Baker's visitation early. Baker threatened Boeckmann when she took the children and during phone calls once she was back in Ohio. As a result, Boeckmann filed a petition for a domestic violence civil protection order ("CPO") in the Greene County Court of Common Pleas on behalf of her and her daughters. A hearing was held on November 2, 2001, and, on November 6, 2001, the court granted Boeckmann's petition and entered a CPO against Baker. The CPO suspended Baker's visitation with the children until he had completed a drug and alcohol program.
 {¶ 4} Baker successfully completed the Marine Alcohol Awareness Course and Impact Training, underwent random drug testing on a monthly basis, and volunteered as a Urinalysis Collection Observer. On April 25, 2002, Baker filed a motion for visitation in the Greene County court. The court held a hearing on June 17, 2002 and conducted an in camera interview of the parties' children. The court concluded that it was in the best interests of the children to have visitation with their father. However, the court noted that the children did not know their father and were fearful of him. Therefore, the court ordered that Baker have supervised visitation with the children at the Greene County Visitation Center. Presumably, the court intended that the children would have unsupervised visitation with Baker once they had become more familiar with him and were less fearful of him.
 {¶ 5} Baker appeals, raising one assignment of error.
 {¶ 6} "The trial court erred in modifying the out-of-state visitation order without jurisdiction."
 {¶ 7} Baker argues that the trial court did not have jurisdiction to modify the Alabama decree establishing a visitation schedule. He contends that Alabama had continuing exclusive jurisdiction over the case pursuant to the Uniform Child Custody Jurisdiction Act ("UCCJA"), codified at R.C. 3109.21 to 3109.37. We note that Baker did not raise this argument in the trial court. He did not appeal the trial court's original suspension of visitation, and he himself petitioned the court in Greene County to allow visitation after he had completed a drug and alcohol program. Furthermore, we are not entirely convinced that the trial court actually modified the Alabama order given that it clearly had jurisdiction to grant Boeckmann a CPO and the decision from which Baker appeals was related to lifting the restrictions of the CPO rather than modifying the Alabama order. However, we will not address these issues as we conclude that the Ohio court had jurisdiction to modify the Alabama order.
 {¶ 8} R.C. 3109.31(A) provides: "If a court of another state has made a parenting decree, a court of this state shall not modify that decree, unless it appears to the court of this state that the court that rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 3109.21 to 3109.36
of the Revised Code, or has declined to assume jurisdiction to modify the decree, and the court of this state has jurisdiction." See, also, Parental Kidnapping Prevention Act ("PKPA"), Section 1738A(h), Title 28, U.S. Code ("A court of a State may not modify a visitation determination made by a court of another State unless the court of the other State no longer has jurisdiction to modify such determination or has declined to exercise jurisdiction to modify such determination.")
 {¶ 9} Therefore, Ohio could only modify Alabama's parenting decree if (1) Ohio had jurisdiction to make a child custody determination, and (2) Alabama no longer had jurisdiction or had declined jurisdiction. SeeJustis v. Justis, 81 Ohio St.3d 312, 317, 1998-Ohio-626, 691 N.E.2d 264.
 {¶ 10} We look to R.C. 3109.22(A) to determine when an Ohio court can exercise jurisdiction to make a parenting determination:
 {¶ 11} "No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 {¶ 12} "(1) This state is the home state of the child at the time of commencement of the proceeding * * *;
 {¶ 13} "(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships[.]" See, also, PKPA, Sections 1738A(c)(2)(A) and (B), Title 28, U.S. Code.
 {¶ 14} The trial court was permitted to exercise jurisdiction under either subsection (A)(1) or (A)(2) of R.C. 3109.22. Ohio has been the home state of the children since February of 2000. Therefore, Ohio can assert jurisdiction under R.C. 3109.22(A)(1). Furthermore, the children's mother and step-father reside in Ohio, and, as the children themselves have resided in Ohio since February of 2000, there is substantial evidence in Ohio regarding their present and future care, protection, and personal relationships. Therefore, Ohio can assert jurisdiction under R.C. 3109.22(A)(2), and the first prong of the test for whether the trial court had jurisdiction to modify the Alabama decree is met.
 {¶ 15} Turning to whether Alabama had continuing jurisdiction of the case, the PKPA, Section 1738A(d), Title 28, U.S. Code provides that a state's jurisdiction continues as long as it meets the jurisdictional requirements under its own laws and the children or at least one contestant resides in the state. See, also, Justis, supra. Ala. Code 30-3B-202 provides:
 {¶ 16} "(a) Except as otherwise provided in Section 30-3B-204, a court of this state which has made a child custody determination consistent with Section 30-3B-201 or Section 30-3B-203 has continuing, exclusive jurisdiction over the determination until:
 {¶ 17} "* * *
 {¶ 18} "(2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state."
 {¶ 19} Both children and Boeckmann have resided in Ohio since February 2000 and have not resided in Alabama since October 1999. Although it is not entirely clear from the record when he moved, Baker has resided in California since at least January 2001. Therefore, Alabama no longer has continuing jurisdiction over its child custody determination, and the Ohio trial court was permitted under R.C.3109.31(A), Ala. Code 30-3B-202, and Section 1738A(h), Title 28, U.S. Code to modify the visitation order.
 {¶ 20} Baker also argues that the Ohio court lacked jurisdiction to modify the Alabama decree because it was not registered in Ohio. However, this is not a requirement for modification of the decree by an Ohio court. Baker further argues that the Ohio court lacked personal jurisdiction over him. However, Baker waived this argument by failing to assert it in the trial court, and we note again that Baker filed the motion for visitation in the Greene County court. Therefore, the trial court had personal jurisdiction over Baker.
 {¶ 21} The sole assignment of error is overruled.
 {¶ 22} The judgment of the trial court will be affirmed.
FAIN, P.J. and BROGAN, J., concur.
[1] Although Baker's brief states that Boeckman moved to Florida with her children and new husband, some documentation in the record suggests that she moved to Pennsylvania. In any case, she moved with the children in October of 1999 to another state.